## STATE v. ARNOLD.
### No. 1421.

Court of Civil Appeals of Texas. Waco.
Oct. 19, 1933.

D. A. Nunn, of Crockett, for appellant.

C. W. Kennedy, Jr., of Crockett, for appellee.

GALLAGHER, Chief Justice.

This proceeding was instituted in the name of appellant by the commissioners' court of Houston county to condemn a strip of land owned by appellee and lying adjacent to a certain highway, for the purpose of widening the same. The petition for the condemnation of said land and for the appointment of special commissioners to assess damages for the taking thereof was duly presented to the county judge of Houston county, and he, on the 16th day of March, 1932, made an order appointing such commissioners. Said commissioners, in a written report dated March 30, 1932, assessed appellee's damages at the sum of $60. Appellee, being dissatisfied with the damages awarded, filed written objections to such report and appellant filed a reply thereto.

The court, on the hearing of the cause, overruled appellant's special exceptions to appellee's objections to the award, and submitted the issues of fact to a jury upon a general charge, in response to which the jury awarded appellee damages in the sum of $150.

Opinion.

Appellant presents assignments of error in which it contends that the court erred in overruling its special exceptions to appellee's objections to the report of the commissioners. The specific contention urged in said exceptions was that such objections were not filed within the time prescribed by law. Articles 3265 and 3266 of our Revised Statutes provide, in substance, that when commissioners in a condemnation proceeding have assessed the damages, they shall reduce their decision to writing, date and sign the same and file it with the county judge, and that any party dissatisfied therewith may, within ten days after the same has been filed with the county judge, file his objections thereto in writing. While the report of the commissioners in this case was dated March 30th, the record nowhere shows when the same was filed with the county judge, as required by the statute cited. The county judge did not place a file mark on any of the papers involved in this proceeding. Since there is nothing in the transcript showing affirmatively when the report of the commissioners was actually delivered to the county judge, and nothing showing that such delivery was more than ten days prior to the time

appellee filed his objections thereto, appellant's exceptions were properly overruled.

Appellant presents assignments of error in which it assails the sufficiency of the evidence to sustain the verdict of the jury in favor of appellee for the sum of $150 for land taken and damages. The land actually taken from appellee for widening the highway was 1.2 acres. Appellee testified that he estimated the value of his land at $150 per acre, but that there was no demand for land at that time due to the depression. He further testified that growing crops on the land taken would be destroyed and that the value of the same was $50; that the boundary line of the land taken lies so close to two of his houses that it will be necessary to move them back; that such line is located about the middle of the slope of the dam to his tank and that the removal of the soil in the construction of the highway would cause the dam bank to break and thus destroy his tank; that several shade trees in front of one of his houses are on the land taken; and that he will be damaged by the taking of said land and the construction of the highway thereon in at least the sum of $200. Appellee also introduced testimony of other witnesses tending to corroborate the testimony so given by him. Appellant thereupon introduced testimony tending to contradict the testimony introduced by appellee.

■■ The jury were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. They assessed appellee's compensation for land taken and damages to the remainder of his tract at $150. Such assessment is within the limits shown by the testimony and is sustained thereby.

The judgment of the trial court is affirmed.